## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LUKE R. GERKIN, JR. (#583904)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**20-458-BAJ-RLB**

**DR. PAUL TOCE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**.

Signed in Baton Rouge, Louisiana, on July 27, 2022.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LUKE R. GERKIN, JR. (#583904)**                             **CIVIL ACTION**

**VERSUS**

                                                                                    **20-458-BAJ-RLB**

**DR. PAUL TOCE, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On or about July 13, 2020, the *pro se* plaintiff, a person formerly confined at the Dixon Correctional Institute, filed this proceeding pursuant to 42 U.S.C. § 1983. *See* R. Doc. 1. The plaintiff has not filed anything in this matter since January 11, 2021. *See* R. Doc. 10. On February 18, 2022, this matter was set for a Pretrial Conference. *See* R. Doc. 15. The Order was returned as undeliverable with a notation of "NOT HERE RETURN TO SENDER." *See* R. Doc. 18. The Pretrial Conference was cancelled. *See* R. Doc. 19. The Order cancelling the Pretrial Conference was also returned as undeliverable with a notation of "NOT HERE RETURN TO SENDER." *See* R. Doc. 22. An additional order from the Court, ordering defendants to file Court ordered initial disclosures, was also returned as undeliverable with a similar notation. *See* R. Doc. 20. Defendants determined that the plaintiff was no longer in custody and mailed their Notice of Compliance and other documents to the plaintiff at an address in Chalmette, Louisiana. *See* R. Doc. 21. That mail has not yet been delivered to the plaintiff despite being in transit since March 22, 2022.[1]

Pursuant to Local Rule 41(b)(4) of the Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute a cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address and

---

[1] *See* https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70142120000364299293 (accessed May 27, 2022)

no correction is made to the address for a period of thirty (30) days. As a practical matter, the case cannot proceed without an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings.

## **RECOMMENDATION**

It is recommended that the plaintiff's claims be and are hereby dismissed, without prejudice, for failure of the plaintiff to prosecute this proceeding and for failure to keep the Court apprised of a current address.

Signed in Baton Rouge, Louisiana, on July 27, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**